# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY JAMES LEPRE,** | **:** | |
| **Plaintiff** | **:** | **CIVIL ACTION NO. 3:12-0695** |
| **v.** | **:** | **(JUDGE MANNION)** |
| **THOMAS LEE and SGT. MICHAEL MAYER,** | **:** | |
| | **:** | |
| **Defendants** | **:** | |

## MEMORANDUM

Pending before the court is a report and recommendation filed by Judge Martin C. Carlson on August 15, 2013, to which no objections have been filed. (Doc. No. 25). In his report, Judge Carlson recommends that a motion to dismiss the plaintiff's amended complaint filed by defendants Mayer and Lee be granted and the plaintiff's amended complaint be dismissed for failure to prosecute. Upon review, the court will adopt Judge Carlson's report.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v.*

*Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

As indicated in Judge Carlson's report, after two screening reviews, only false arrest and excessive force claims remain against defendants Mayer and Lee. On May 16, 2013, these defendants moved for dismissal of the plaintiff's remaining claims. (Doc. No. 21). When the plaintiff failed to take any action to respond to the defendants' motion, on July 24, 2013, Judge Carlson entered an order which explained to the plaintiff his affirmative duty to respond to the defendants' motion in accordance with Local Rule 7.6[1]. Having advised the plaintiff of his duty to respond to the defendants' motion, the plaintiff was forewarned that the motion could be granted without analysis of the complaint's sufficiency, if after having been given a specific direction to comply from the court, the plaintiff still did not respond. The plaintiff was given another opportunity to respond to the defendants' motion to dismiss and was

---

[1]In addition, the court notes that the plaintiff was previously advised of his duty to respond to motions filed in this matter by Standing Practice Order entered on April 17, 2012. (Doc. No. 3).

directed to file his response on or before August 9, 2013, or risk having the defendants' motion to dismiss granted and his action dismissed. (Doc. No. 24).

Despite having been forewarned of the consequences of failing to respond to the defendants' motion, August 9, 2013, came and went with no response from the plaintiff. As a result, Judge Carlson issued the instant report recommending that the defendants' motion to dismiss be granted and the instant action be dismissed for failure to prosecute. (Doc. No. 25). In so recommending, Judge Carlson discussed Local Rule 7.6 and the application of this Rule pursuant to Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991), when a party fails to comply with the Rule after specific direction from the court to do so. Judge Carlson noted the plaintiff's failure to comply with Local Rule 7.6, despite having been warned of the consequences of failing to do so. As a result, Judge Carlson deemed the defendants' motion unopposed.

In addition, Judge Carlson discussed the application of Fed.R.Civ.P. 41(b), which authorizes a court to dismiss a civil action for failure to prosecute. Considering the factors set forth in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), which govern dismissal of actions for failure to prosecute, Judge Carlson determined that the factors weigh in

3

favor of dismissing the instant action without further leave to amend.

Because the court agrees with the sound reasoning that led Judge Carlson to the conclusions in his report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 10, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-0695-02.wpd